**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HOME BANK, N.A.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-6599** |
| **MISS KAITLYN M/V ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 43). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff Home Bank N.A. brings an action to recover amounts it alleges it is owed under two promissory notes issued to Defendant Boulaye Marine Towing, LLC ("Boulaye"). The notes are secured by a mortgage on the M/V MISS KAITLYN and guaranteed by Defendants Patrick McNeill and Scott Camus. On August 18, 2014, Plaintiff delivered a note in the principal amount of $675,000.00 to Boulaye (the "First Note"). Then, on November 5, 2014, Plaintiff extended a revolving line of credit to Boulaye, evidenced by a promissory note in the principal amount of $50,000.00 (the "Second Note").

Plaintiff alleges that Boulaye is in default under the terms of both of these notes and that it has failed to make any payments since early 2016. Plaintiff alleges that on January 13, 2012, Camus and McNeill signed Commercial Guaranties in which they guaranteed the repayment of any and all existing and future obligations owed by Boulaye to Plaintiff. Because Boulaye has filed for bankruptcy and all actions against it are stayed, Plaintiff has moved for summary judgment against McNeill and Camus. Plaintiff alleges that the amount outstanding on each loan is $568,270.58 and $51,180.31 respectively, such amounts including the principal, interest, and late charges. Plaintiff also argues that it is entitled to interest at the default rate beginning on May 4, 2016 and attorney's fees. Plaintiff seeks an entry of final judgment against McNeill and Camus in these amounts. Defendants McNeill and Camus oppose Plaintiff's Motion for Summary Judgment.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws

[1] Fed. R. Civ. P. 56(c) (2012).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

**LAW AND ANALYSIS**

Defendants McNeill and Camus assert three arguments for the denial of Plaintiff's Motion for Summary Judgment seeking the entry of final judgment against them. First, Defendants argue that the amount owed on the Second

---

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

Note has been extinguished either through payment or novation. Second, they argue that Plaintiff is not entitled to the default rate of interest because it did not formally put Boulaye in default. Third, Defendants argue that Plaintiff has not sufficiently supported its request for attorney's fees. This Court will address each argument in turn.

**A. Satisfaction of Second Note**

Defendants McNeill and Camus argue that Boulaye's obligation under the Second Note was extinguished by a subsequent loan obtained for the purpose of paying the amount due on the Second Note. Specifically, Defendants argue that on December 22, 2015 Boulaye obtained a loan from Plaintiff, the proceeds of which were used to pay and fully satisfy the balance due on the Second Note (the "Third Note"). As proof, Defendants attach signed copies of a promissory note and disbursement request and authorization between Plaintiff and Boulaye, dated December 22, 2015 in the amount of $50,000.00. In addition, both McNeill and Camus declare in affidavits that the funds of the Third Note were used to satisfy the Second Note. Defendants argue that the Third Note operated as a novation to extinguish the Second Note.

Plaintiff rebuts, however, that the note and disbursement request provided to this Court were never delivered to Plaintiff and that the loan was never accepted or funded. It argues that the documents submitted by Defendants are draft documents that were rejected by Defendants. Plaintiff provides a declaration from an officer of Home Bank declaring such. The parties' disagreement over whether the Third Note was confected and funded is clearly a factual dispute, the resolution of which would be inappropriate on

summary judgment. This Court cannot glean the facts regarding the Third Note on briefs alone. Accordingly, Defendants have established a material issue of fact regarding the satisfaction of the Second Note, and therefore summary judgment as to the Second Note is denied.

**B. Judgment on First Note**

Defendants do not offer any argument or evidence to dispute their liability as guarantors under the First Note. Accordingly, Plaintiff is entitled to summary judgment on that note in accordance with the Court's other holdings herein. This Court declines, however, to enter final judgment as to the First Note because Plaintiff's claims regarding the Second Note remain pending.

**C. Entitlement to Default Interest Rate**

Next, Defendants argue that Plaintiff should not be entitled to receive interest at the default rate because it did not formally put Boulaye in default until the filing of this action. Under the terms of both notes, Plaintiff has the right to increase the interest rate prospectively if it declares the note to be in default.[9] Defendants argue that Plaintiff never declared either note to be in default despite requesting in its Complaint the accrual of interest at the default rate beginning on May 4, 2016. In response, Plaintiff does not argue that it put either note in default prior to the filing of this action, and instead states that both notes were declared in default "no later than May 19, 2016," the date of the filing of this action. Accordingly, the parties agree that Plaintiff

[9] The interest rate on the First Note can be increased to 21 percent, while the interest rate on the Second Note can be increased to 18 percent.

is entitled to the default interest rate beginning with the filing of this action on May 19, 2016 until the balance is paid in full.

**D. Calculation of Attorney's Fees**

In its motion, Plaintiff asks this Court for the entry of judgment in the amounts detailed above "plus attorney's fees." Defendants do not dispute that both the First and Second Notes provide for the recovery of attorney's fees accrued in the collection of the payments owed on such notes. However, they argue that Plaintiff has not requested a specific amount or percentage, and therefore this Court cannot consider the reasonableness of the requested fee. Defendants are correct that the calculation of a reasonable attorney's fee award without further information from Plaintiff would be inappropriate, if not impossible. However, this Court holds that Plaintiff is entitled to attorney's fees, and a motion for the calculation of attorney's fees should be filed at the appropriate time.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED IN PART.

IT IS ORDERED that Plaintiff is entitled to summary judgment on its First Cause of Action against Defendants Scott Camus and Patrick McNeill. This Court holds that Defendants Camus and McNeill are guarantors of the First Note in the amount of $568,270.58 plus attorney's fees and interest charges at the default rate of 21 percent beginning on May 19, 2016.

IT IS FURTHER ORDERED that if, at trial, the Second Note is deemed due and payable, Plaintiff is entitled to attorney's fees and the accrual of

interest at the default rate of 18 percent beginning on May 19, 2016 on that note.

New Orleans, Louisiana this 15th day of March, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**